IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANKLIN DELANO ACOFF, :
:
    Petitioner. :
:
vs. : CIVIL ACTION 13-0463-CG-M
:
WILLIE THOMAS, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Franklin Delano Acoff. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree murder in the

Circuit Court of Dallas County on October 6, 1971 for which he received a death sentence (Doc. 4, p. 2; Doc. 9, p. 2). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction but commuted the death sentence to a life sentence. *Acoff v* State, 278 So.2d 210 (Ala. Crim. App. 1973).

The record indicates that Acoff has sought review of his conviction and sentence numerous times (*see* Doc. 9, Exhibit D, p. 2). Petitioner's most recent State Rule 32 petition was filed on December 8, 2011; the petition was denied by the Dallas County Circuit Court on July 11, 2012 because the claims were procedurally defaulted and barred by the one-year statute of limitations (Doc. 9, Exhibit E). Acoff sought review of that ruling, but the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed (*see* Doc. 9, Exhibit B). Petitioner sought rehearing and also petitioned for *certiorari*, but both were denied; a certificate of judgment was entered on January 4, 2013 (*see id.*).

Petitioner filed a complaint with this Court on September 10, 2013,[1] raising the single claim that he was denied his right

---

[1] Acoff filed a petition with this Court that he had signed on September 10, 2013 (Doc. 1). Because it was not on this Court's form, Petitioner was ordered to re-file the action with forms that were supplied to him (Doc. 3). That petition was filed on September 27, 2013 (Doc. 4).

to appeal through no fault of his own (Doc. 4). In support of his petition, Acoff argues that although the Circuit Court denied his Rule 32 petition on July 11, 2012, he did not receive notice of it until September 17, 2012 and that he filed his appeal the next day (Doc. 4, p. 7).

Respondent has provided evidence showing that Acoff, on August 10, 2012, filed a motion with the Circuit Court, asking it to alter or vacate its ruling that denied his Rule 32 petition (*see* Doc. 9, Exhibit A, p. 1). Petitioner filed a second such motion on September 20, 2012 (*see id.*). The two motions were denied (*see id.*). The Court finds that these two motions belie Acoff's assertion that he was unaware of the Circuit Court's ruling in time to file a timely appeal.

The Court further notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) (*quoting Tyree v. White*, 796 F.2d 390, 392-93 (11th Cir. 1986) (*citing Missouri v. Hunter*, 459 U.S. 359 (1983))). The Alabama Court of Criminal Appeals dismissed Petitioner's appeal as untimely under its construction of the rules pertaining to appeals in Alabama. This Court further notes that "a state's interpretation of its own laws provides no basis for federal habeas relief since no

3

question of a constitutional nature is involved." *Beverly*, 854 F.2d at 416, *citing Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). *Beverly* instructs this Court to leave the Alabama Court of Criminal Appeals ruling undisturbed.

Petitioner has raised a single claim in bringing this action. That claim is without merit. Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Franklin Delano Acoff.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of

4

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Inasmuch as the Court has found that Acoff has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Acoff will not be able to make that showing.

CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of January, 2014.

                                    <u>s/BERT W. MILLING, JR.</u>
                                    UNITED STATES MAGISTRATE JUDGE